*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0408p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RICHARD COOEY, KENNETH BIROS
(Intervenor),
                                *Plaintiff-Appellee,*

                                                        No. 09-4300

        *v.*

TED STRICKLAND, Governor, et al.,
                                *Defendants-Appellants.*


Filed: November 25, 2009

Before: SILER, GIBBONS, and SUTTON, Circuit Judges.

_____

**ORDER**

_____


PER CURIAM. The State of Ohio set an execution date of December 8, 2009, for Kenneth Biros. On October 19, 2009, the district court stayed the execution based on pre-existing litigation related to challenges to Ohio's method of execution, including challenges stemming from the State's use of a three-drug protocol and its difficulty accessing usable veins in prior executions.

On November 13, 2009, Ohio changed its execution protocol, effective November 30, 2009. The State replaced its three-drug protocol with a one-drug protocol (which involves an intravenous injection of five grams of thiopental sodium) and developed a back-up plan for executions involving individuals with difficult-to-access veins (which involves an intramuscular injection of ten milligrams of midazolam and forty milligrams of hydromorphone). *See* R.601-1. Soon after the State changed its execution protocol, it moved in the district court to vacate that court's stay of execution on the ground (among others) that the new protocol mooted the prior order. When the district court refused to vacate the stay, the State urged us to vacate its prior order. We called for a response from Biros, which he submitted on November 20, 2009.

1

Before considering the merits of the State's motion, we must decide whether we have jurisdiction to review it. According to Biros, the district court's October 19, 2009, order falls outside our authority to review interlocutory decisions granting injunctions. *See* 28 U.S.C. § 1292(a)(1). In considering this issue, we focus on "the nature of the order and [its] substance," not "the label attached" to it. *Workman v. Bredesen*, 486 F.3d 896, 904 (6th Cir. 2007) (quotation marks omitted). If the district court's order has the "practical effect" of granting an injunction, we retain appellate jurisdiction over it, particularly when that order has "serious, perhaps irreparable, consequence[s]" and "can be effectually challenged only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (quotation marks omitted); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

No doubt, the district court's order begins with matters of discovery and trial scheduling. But it proceeds to prevent the State from ordering Biros's execution on December 8. In the court's words: "[I]t is ORDERED, ADJUDGED, and DECREED that the State of Ohio, and any person acting on its behalf, is hereby STAYED from implementing an order for the execution of Kenneth Biros issued by any court of the State of Ohio until further Order from this Court." R.590 at 3. The order is injunctive in nature and in effect. *See Workman*, 486 F.3d at 904. To protect its interest in enforcing Biros's sentence without undue federal interference, *see Baze v. Rees*, 553 U.S. ___, 128 S. Ct. 1520, 1537 (2008); *Hill v. McDonough*, 547 U.S. 573, 584 (2006), the State may seek immediate appellate review of that order. *See Workman*, 486 F.3d at 904.

As to the merits, the district court's stay order must be vacated because any challenge to Ohio's three-drug execution protocol is now moot. Since Biros filed his lawsuit, the State has amended its lethal injection protocol. As noted, it now has a single-drug intravenous procedure and uses a two-drug intramuscular procedure as a back-up if it cannot access the veins of the individual. *See* R.601-1 at ¶¶ 6–8 (Aff. of Terry Collins, Director of Ohio Department of Rehabilitation and Correction) ("[G]oing forward, pancuronium bromide . . . [and] potassium chloride no longer will be used as part of that process. . . . [T]he execution procedures will use . . . thiopental sodium . . . injected via an established intravenous ("IV") site . . . . As a back-up, if an IV site cannot be established or maintained, then an intramuscular ("IM") injection [of midazolam and hydromorphone] may be used."). Because

Ohio no longer follows the principal procedures that Biros challenges, the motion no longer presents a "live" dispute. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Biros rejoins that Ohio has not met its "heavy" burden of showing that this voluntary change in procedure has defeated any "'reasonable expectation . . .' that the alleged violation will recur." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). Biros suggests that "there is no assurance that defendants will not revert to [the three-drug procedure] whenever they want to do so." Biros Reply Br. at 14. As an initial matter, it is by no means clear that the prior procedure was unconstitutional, and it thus is by no means clear that a "rever[sion]" will lead to "recur[ring]" constitutional violations. *See Baze*, 128 S. Ct. at 1537. Be that as it may, the question at hand is whether Ohio will use the old procedure, or the new one, in executing Biros. There is no basis in the record or for that matter in common sense for assuming that the State will do anything other than what it has told us in court filings and what it has told the public at large: it has changed its execution protocol, and it intends to apply the substantially modified protocol to Biros. Both of the key changes to the protocol, it bears adding, grew out of—and were direct responses to—the underlying litigation of which Biros was a part. Under these circumstances, we see no reasonable basis for refusing to take the State at its word.

One final point deserves mention. In granting a stay of execution, the district court based its reasoning on concerns related to the old procedure. Because the old procedure will not be utilized on Biros, no basis exists for continuing the stay previously in effect. Whether a stay is warranted under the new protocol is not before us at this time. Should Biros bring a new challenge on this ground, the district court and we can consider whether he has met the requirements for granting a stay, including the requirement of establishing a likelihood of success on the merits. *See id.* at 1537; *Nelson v. Campbell*, 541 U.S. 637, 649 (2004).

We therefore VACATE the October 19, 2009, stay issued by the district court.