*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0064p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____



L AWRENCE R EYNOLDS,

  *Plaintiff-Appellant,*

  *v.*

No. 10-3220

T ED S TRICKLAND, G OVERNOR, et al.,

  *Defendant-Appellees.*

_____

Filed:  March 5, 2010

Before:  MARTIN, COLE, and SUTTON, Circuit Judges.

_____

**ORDER**

_____

BOYCE F. MARTIN, JR., Circuit Judge, joined by COLE, Circuit Judge; SUTTON, Circuit Judge, concurring in the judgment.

Lawrence Reynolds, an inmate on Ohio's death row, seeks to stay his execution currently set for March 9, 2010 at 10:00 a.m.  We regretfully **DENY** the stay.

Reynolds challenges Ohio's lethal injection protocol under the Eighth and Fourteenth Amendments to the United States Constitution.  Reynolds was previously set to be executed on October 8, 2009.  But, in light of alarming difficulties on Ohio's part in executing several other death row inmates using the protocol in place at that time, we stayed Reynolds' execution pending evidentiary hearings and further development in the district court. *Reynolds v. Strickland*, 583 F.3d 956, 957 (6th Cir. 2009).

Ohio thereafter changed its lethal injection protocol, purportedly to cure its past difficulties.  The new protocol utilizes a one-drug intravenous injection as the primary method of execution.  If the intravenous method is either impossible or proves unsuccessful, the protocol calls for a two-drug intramuscular injection as a back-up.  In response to this

1

wholesale change in lethal injection protocol, Reynolds and several other death row inmates filed new Complaints in the district court challenging the new protocol. Reynolds filed his Complaint on January 8, 2010.

Prior to Reynolds having filed his new Complaint, this Court had the opportunity to consider, in a truncated fashion, Ohio's new protocol in the case of a death row inmate named Kenneth Biros. Like Reynolds, Biros had challenged Ohio's prior lethal injection protocol. The district court had stayed Biros' December 8th execution pending the outcome of the various challenges to Ohio's old lethal injection protocol. After changing the protocol, Ohio sought immediately to proceed with executing Biros on December 8th. It asked the district court to vacate the previously imposed stay on mootness grounds. When the district court declined to vacate the stay, Ohio asked that we do so. We obliged on November 25, 2009, finding that Ohio's unilateral decision to change its protocol rendered the entirety of Biros' Eighth Amendment challenge moot. *Cooey (Biros) v. Strickland*, 588 F.3d 921, *reh'g en banc denied*, 588 F.3d 924 (6th Cir. 2009).

Biros thereafter moved the district court on December 3rd for leave to amend his Complaint to challenge the new protocol. The district allowed the amendment on December 4th and the litigation continued. In a very short time—three days, to be exact—the parties and the district court began the process of developing a factual record on the new protocol. Biros asked that the district court again restrain Ohio from proceeding with the execution on December 8th to allow time for further factual development and reasoned consideration of his new Eighth Amendment claim. This time, the district court on December 7th declined to stay the execution, finding that Biros had not met his burden of proving a likelihood of success on the merits of his Eighth Amendment challenge to Ohio's new protocol. Biros immediately appealed the district court's order to this Court. The Court reviewed the record before it and agreed with the district court's conclusion that Biros could not prove that he was likely to succeed on the merits of his new Eighth Amendment claims. *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009). Biros sought rehearing by the en banc Court, to

no avail. *Cooey (Biros) v. Strickland*, 588 F.3d 1124 (6th Cir. 2009).[1] Biros was executed on December 8, 2009, with no apparent complications.

As stated above, Reynolds filed a new Complaint on January 8, 2010 challenging Ohio's new lethal injection protocol, and several other death row inmates sought to intervene and join in Reynolds' challenge. *Reynolds v. Strickland*, No. 2:10-cv-27 (S.D. Ohio).  Of critical importance to the present case, the parties stipulated to the incorporation of the entire record from Biros' case into Reynolds' new challenge.  On January 30, 2010, one of the intervening death row inmates, Mark Brown, sought an order from the district court restraining Ohio from executing him on February 4th.  The district court denied the request, primarily on the basis that Brown sought a stay on the exact same factual record that this Court found inadequate in the hours before Biros was executed. *Reynolds (Brown) v. Strickland*, No. 2:10-cv-27, 2010 U.S. Dist. LEXIS 9307 (S.D. Ohio Feb. 2, 2010).  This Court affirmed the denial of a stay in an unpublished per curiam Order on February 3, 2010. *Reynolds (Brown) v. Strickland*, No. 10-3098, 2010 U.S. App. LEXIS 2301 (6th Cir. Feb. 3, 2010).  Brown was executed, with no apparent complications, on February 4th.

Reynolds now follows the exact same script as Brown.  He seeks a stay of his execution on the basis of the factual record developed in the *Biros* litigation, without any material addition.  We have great sympathy for Reynolds' position.  We fundamentally agree with Reynolds that our Court seriously mishandled the *Biros* litigation in the final days leading up to his execution.  Biros' original claim was not moot, *Cooey (Biros)*, 588 F.3d at 925-28 (Moore, J., dissenting from the denial of rehearing en banc), and he should have received an opportunity to litigate his challenge to Ohio's new lethal injection protocol to final adjudication but, instead, our Court engaged in a "classic rush-to-judgment." *Cooey (Biros)*, 588 F.3d at 1124 (Griffin, J., dissenting from denial of rehearing en banc).  But, as wrong-headed as *Biros* might be, it is nevertheless the

---

[1]The *Biros* panel filed a corrected opinion on December 29, 2009.  Thus, the full Court's denial of rehearing en banc, which obviously occurred after the panel's initial rejection of Biros' stay request, is reported in volume 588 of the Federal Reporter whereas the panel's opinion is reported later in volume 589.

binding law of the Circuit on the factual record at issue in that litigation.  As that factual record is materially identical to the factual record in this case, except to the extent that Ohio may now point to two apparently successful executions using the new lethal injection protocol, we have no choice but to conclude that Reynolds has not met his burden of establishing entitlement to relief.  Thus, while others may take up the mantle of pressing the challenge to Ohio's new protocol, we must regretfully **DENY** Reynolds' motion to stay his execution.

SUTTON, Circuit Judge, concurring in the judgment.  While I agree with much of the reasoning of the majority's opinion, particularly its conclusion that *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009), compels the denial of this stay motion, I must ultimately concur only in the judgment.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk